IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| OAK RIDGE TOOL-ENGINEERING, INC., | ) | Civ. A. No. 3:13-CV-0992-JFA |
| Plaintiff, | ) | |
| vs. | ) | |
| SHAW AREVA MOX SERVICES, LLC, | ) | **Confidentiality Order** |
| Defendant. | ) | |

Whereas, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 3rd day of October, 2013, ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential – Official Use Only, Confidential – Export-Controlled, or Highly Confidential documents shall be so designated by placing or affixing the word "Confidential – Official Use Only," "Confidential – Export-Controlled," or "Highly Confidential," respectively, on the document in a manner which will not interfere with the legibility of the document. Documents shall be designated Confidential – Official Use Only, Confidential – Export-Controlled, or Highly Confidential prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as

1

otherwise allowed by this Order. The disclosure of documents designated Confidential – Official Use Only, Confidential – Export-Controlled, or Highly Confidential may be further subject to federal statutes, regulations, and directives, including, but not limited to those promulgated by the Department of Defense, the Department of Energy, and the Nuclear Regulatory Commission, that restrict dissemination. The parties are reviewing their documents to be produced to ensure that disclosure complies with the applicable federal law and all contractual requirements.

3. **Documents Which May be Designated Confidential – Official Use Only.** Any party may designate documents as Confidential – Official Use Only but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected from disclosure by statute, trade secrets, proprietary, commercial or financial information, or personal information affecting an individual's privacy. The authority to define documents as Confidential – Official Use Only is derived from 10 C.F.R. § 1004, et seq., specifically 10 C.F.R. § 1004.10. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Notwithstanding the above, any document designated as Confidential – Official Use Only shall be produced by the producing party in accordance with the Federal Rules of Civil Procedure and may not be withheld from production on account of the designation as confidential unless to produce or disclose that document would be a violation of federal law.

4. **Documents Which May be Designated Confidential – Export-Controlled.** Any party may designate documents as Confidential – Export-Controlled but only after review of

---

[1] The attorney who reviews the documents and certifies them to be Confidential – Official Use Only must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

the documents by an attorney[1] who has, in good faith, determined that the documents contain information that may not be disclosed to non-U.S. citizens without specific authorization from the Department of Energy. The authority to define documents as Confidential – Export-Controlled is derived from 10 C.F.R. § 820, et seq., specifically 10 C.F.R. § 810.7(h)(2) and § 810.8, and/or 15 C.F.R. § 730 – 774, specifically § 736 and § 764, and/or 22 C.F.R. § 120 – 130. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Notwithstanding the above, any document designated as Confidential – Export-Controlled shall be produced by the producing party in accordance with the Federal Rules of Civil Procedure and may not be withheld from production on account of the designation as confidential unless to produce or disclose that document would be a violation of federal law. A party may designate a document as Confidential – Export-Controlled and Confidential – Official Use Only.

5. **Documents Which May be Designated Highly Confidential.** Any party may designate documents as Highly Confidential but only after review of the documents by an attorney[2] who has, in good faith, determined that the documents contain non-public proprietary or commercially sensitive information that requires the protections provided in this Confidentiality Order and that would harm the commercial, financial, strategic or business interests of such party or its employees, customers or clients if disclosed to anyone other than the

---

[1] The attorney who reviews the documents and certifies them to be Confidential – Export-Controlled must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for pro hac vice admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

[2] The attorney who reviews the documents and certifies them to be Highly Confidential must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

attorneys' for the parties in this litigation. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Documents shall presumptively qualify as Highly Confidential to the extent they contain non-public pricing information relating to the fabrication of equipment for MOX Services' Mixed Oxide Fuel Facility. Notwithstanding the above, any document designated as Highly Confidential shall be produced by the producing party in accordance with the Federal Rules of Civil Procedure and may not be withheld from production on account of the designation as Highly Confidential. A party may designate a document as Highly Confidential, Confidential – Export-Controlled, and Confidential – Official Use Only.

6. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be limited to the specific portions to be protected and shall in no way be used to limit a witness's testimony on any given subject or otherwise used to interfere with the witness's deposition. Notwithstanding the foregoing, no witness shall be obligated to provide classified information.

7. **Protection of Confidential and Highly Confidential Material.**

a. **General Protections.** Documents designated Confidential – Official Use Only, Confidential – Export-Controlled, or Highly Confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b. **Limited Third Party Disclosures and Uses for Confidential – Official Use Only Documents.** The parties and counsel for the parties shall not disclose or permit the

disclosure of, or use or permit the use of, any documents designated Confidential – Official Use Only under the terms of this Order to any other person or entity except those with a need to know as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons have a need to know and may be allowed to review documents which have been designated Confidential – Official Use Only pursuant to this Order:

    (1)    counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

    (2)    parties and employees of a party to this Order;

    (3)    court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

    (4)    consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

    (5)    other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c.    **Limited Third Party Disclosures for Confidential – Export-Controlled Documents.** The parties and counsel for the parties shall not disclose or permit the disclosure of, or use or permit the use of, any documents designated Confidential – Export-Controlled under the terms of this Order to any person not a citizen of the United States, unless the associated government agency has specifically authorized access to that person.

d. **Limited Third Party Disclosures for Highly Confidential Documents.** Documents designated Highly Confidential may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(1) outside counsel who represent the parties that have appeared in the litigation, regular and temporary employees of those counsel, and service vendors of those counsel (including outside copying services and outside litigation support services) assisting in the conduct of the litigation for use in accordance with this Confidentiality Order;

(2) any person indicated on the face of a document or accompanying cover letter, email or other communication to be the author, addressee, or a copy recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

(3) the Court, jurors, persons employed by the Court, and court reporters transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom; and

(4) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

e. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential – Official Use Only, Confidential – Export-Controlled and Highly Confidential pursuant to the terms of this order. Counsel shall maintain a record of those persons, including employees, agents, or third parties of counsel, who have reviewed or been given access to the

documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

f. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential – Official Use Only, Confidential – Export-Controlled and Highly Confidential under this Order or any portion of such a document, shall be immediately affixed with the appropriate designation if the respective words do not already appear on the copy. All such copies shall be afforded the full protection of this Order.

8. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as Confidential – Official Use Only, Confidential – Export-Controlled and Highly Confidential; (2) where appropriate (*e.g.,* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential or highly confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be

filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

9. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order or is prohibited by law from disclosure unless the party moves for an Order providing such special protection.

10. **Challenges to Designation as Confidential.** Any Confidential – Official Use Only, Confidential – Export-Controlled and Highly Confidential designation is subject to challenge. The following procedures shall apply to any such challenge.

   a. The burden of proving the necessity of a Confidential – Official Use Only, Confidential – Export-Controlled and Highly Confidential designation remains with the party asserting confidentiality.

   b. A party who reasonably contends, after review of applicable law or statute, that documents designated Confidential – Official Use Only, Confidential – Export-Controlled and Highly Confidential are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential or Highly Confidential designation. If the matter cannot be resolved amongst the Parties, the party seeking to maintain the confidential designation must move for an Order to preserve such designation within seven (7) days of such determination by the Parties.

   c. Notwithstanding any challenge to the designation of documents as Confidential or Highly Confidential, all material previously designated Confidential or Highly

Confidential shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

>   (1) the party who claims that the documents are confidential withdraws such designation in writing; or
>
>   (2) the court rules that the documents should no longer be designated as confidential information.

d.  Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

11. **Treatment on Conclusion of Litigation.**

a.  **Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated Confidential or Highly Confidential shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.  **Return of Confidential Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶ 7.f) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated Confidential or Highly Confidential so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents.  This work product continues to be

Confidential or Highly Confidential under the terms of this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

12. **Order Subject to Modification.**  This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

13. **No Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as Confidential or Highly Confidential by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

14. **Persons Bound.**  This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

IT IS SO ORDERED.

October 3, 2013                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

**ATTACHMENT A**
**CERTIFICATION BY COUNSEL OF DESIGNATION**
**OF INFORMATION AS CONFIDENTIAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| OAK RIDGE TOOL-ENGINEERING, INC., | ) | Civ. A. No. 3:13-CV-0992-JFA |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **Certification by Counsel of Designation** |
| | ) | **of Information as Confidential** |
| SHAW AREVA MOX SERVICES, LLC, | ) | **or Highly Confidential** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as **[Confidential / Highly Confidential]** subject to the Confidentiality Order entered in this action which Order is dated [confidentiality order date].

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of **[Paragraph 3 / Paragraph 4 / Paragraph 5]** of the Confidentiality Order.

Check and complete one of the two options below.

❑ I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is [District Court Bar #].

❑ I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date: [date attachment A signed]     [Signature of Counsel [s/name]]
                                     Signature of Counsel

                                     [Printed Name of Counsel [A]]
                                     Printed Name of Counsel

# ATTACHMENT B

## ACKNOWLEDGMENT OF UNDERSTANDING
## AND
## AGREEMENT TO BE BOUND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| OAK RIDGE TOOL-ENGINEERING, INC., | ) | Civ. A. No. 3:13-CV-0992-JFA |
| Plaintiff, | ) | |
| vs. | ) | **Acknowledgment of Understanding** |
| | ) | **and** |
| SHAW AREVA MOX SERVICES, LLC, | ) | **Agreement to be Bound** |
| Defendant. | ) | |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated Confidential or Highly Confidential solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court and violation of federal law.

Name: [undersigned name [att B]]

Job Title: [Job Title [att B]]

Employer: [Employer [att B]]

Business Address: [Business Address [att B]]

Date: **[date attachment B signed]**     [Signature [attachment B]]
                                          Signature