IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Oak Ridge Tool-Engineering, Inc.        )
                                   )
           Plaintiff,        )     Civil Action No. 3:13-cv-00992-MGL
                                   )
     vs.                   )
                                   )     **OPINION AND ORDER**
Shaw AREVA MOX Services, LLC,     )
                                   )
                                   )
          Defendant.     )
_____)

       This matter is before the Court on Plaintiff Oak Ridge Tool-Engineering, Inc.'s ("Oak Ridge") Motion for Partial Summary Judgement (ECF No. 103) filed on November 10, 2014 and Defendant Shaw AREVA MOX Services, LLC's ("MOX") Motion for Summary Judgment (ECF No. 104) filed on November 10, 2014. The parties have filed responses (ECF Nos. 112 & 114), and replies (ECF No. 117 & 118) and the motions are now ripe for the Court's consideration.[1]  Upon review of the well-written motions and responses, the Court determines that no hearing is necessary.

---

[1]The Court granted the parties' requests for leave to file their dispositive motions, responses, and accompanying exhibits under seal on the docket due to the confidential and sensitive nature of the project and contracts at issue in this case. (ECF Nos. 105 &115.) In making their requests, the parties also certified that they would serve their respective motions, replies, and exhibits electronically and provide a copy to the Court for review. (ECF No. 102 & 113.)  In the course of making its rulings on the pending motions, however, the Court discovered that the parties never in fact filed the intended full briefs on the docket and instead filed incomplete "shell" documents as placeholders docketed at ECF Nos. 103, 104, 112,114, 117, and 118.  The Court is not clear whether the parties were intending to later file the full briefs or if they were intending to rely on their emailed submissions along with the docketed "shell" documents to satisfy the filing requirements for sealed documents.  To address the issue and to rectify the record, the parties subsequently filed the full documents under seal docketed at ECF Nos. 129, 130, 131, 132, 133, 134, and 135.  For the purposes of this order, the Court will hereinafter refer to the complete filed documents at ECF Nos. 129-135 when addressing the parties' substantive arguments, but will reference the respective motions for summary judgment as ECF Nos. 103 and 104 because they remain the only pending motions before this Court.

Local Civil Rule 7.08 DSC.  For the reasons set forth below, the Court denies the motions for summary judgment. (ECF Nos. 103 & 104.)

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from a subcontract between Defendant MOX, the general contractor for the Mixed Oxide Fuel Fabrication and Reactor Irradiation Services Facility in Aiken, South Carolina (the "Project") and Plaintiff Oak Ridge, one of MOX's subcontractors.  MOX and Oak Ridge partnered in the development of three nuclear gloveboxes and subassemblies ("Gloveboxes") and a process unit.  According to the allegations of the Complaint,  MOX provided Oak Ridge with the documents, plans and specifications needed to complete the construction and manufacture of the Gloveboxes and the Process Unit.  (ECF No. 1 at 3.)  Oak Ridge bid on the subcontract and MOX eventually awarded two contracts (the "Contracts") to Oak Ridge for the construction and delivery of the Gloveboxes and Process Unit in late summer/fall 2011. (ECF No. 1 at 3-4.)  The Gloveboxes and the Process Unit were to be incorporated into the Project's facilities as a permanent fixture on the premises.  Plaintiff Oak Ridge alleges that MOX failed to timely provide suitable drawings to Oak Ridge to allow it to begin construction of the Gloveboxes and Process Unit, in breach of Section E, paragraph 1.19 of the Contracts. (ECF No. 1 at 4.)  Specifically, Oak Ridge alleges that MOX continued to issue revisions to the documents, plans, and specifications for the design of the Gloveboxes and the Process Unit in an effort to correct errors, which directly and negatively impacted Oak Ridge's scope of work, costs, and production. (ECF No. 1 at 4-5.)  Eventually, Oak Ridge claims that MOX stopped making required payments to MOX and then unilaterally "descoped" the Contracts in violation of the express terms of the Contracts. (ECF No.1 at 8.)  Accordingly, Oak Ridge brings claims against MOX for breach of contract, quantum meruit,

promissory estoppel, negligent misrepresentation, negligent design, and costs and attorneys' fees to compensate for Oak Ridge's cost overruns, i.e., time, labor, and materials expended in its efforts to perform the subcontract. (ECF No. 1.)  MOX asserts  counterclaims for breach of contract and for attorneys' fees and costs, alleging damages and costs as a result of Oak Ridge's failure to perform under the Contracts.  (ECF No. 9.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The moving party has the burden of proving that summary judgment is appropriate.  When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  *See* Fed.R.Civ.P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A).  A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one

inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir.1987). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## LEGAL DISCUSSION

Defendant MOX filed its motion for summary judgment on all claims asserted against it by Oak Ridge and for judgment in MOX's favor on its counterclaim. (ECF No. 129.) MOX claims that all of Oak Ridge's asserted causes of action are prohibited by the subcontract and applicable law as the terms of the subcontract expressly give MOX broad authority to change the scope of the work performed by Oak Ridge and also waived any possible claims. MOX also maintains that South Carolina's economic loss rule precludes Oak Ridge's tort based claims as a matter of law, and that equitable claims must also fail where the dispute is entirely governed by high level contracts. Finally, MOX argues that because it properly "descoped" Oak Ridge's work, it is entitled to recover associated costs under the subcontract and thus, is entitled to summary judgment on its counterclaim. Oak Ridge filed a Motion for Partial Summary Judgment seeking to dismiss MOX's counterclaims

for breach of contract and attorneys' fees.  (ECF No. 132.) Oak Ridge argues that MOX is not entitled to recover the costs associated with hiring a follow-on contractor to complete the work because it claims that MOX terminated its work for convenience, and therefore has no contractual basis to seek its costs to complete from Oak Ridge.

Having fully considered the parties' briefing, and taking the evidence submitted by both parties in a light most favorable to the non-moving parties, the Court concludes that summary judgment is not appropriate at this time.  Genuine issues of material fact remain concerning the circumstances of the termination and whether termination was proper, as well as the import of MOX's "descoping" efforts, in particular.  At this stage it is not the Court's function to weigh the evidence but rather to determine only "whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.  This case will likely present relatively complex issues for the jury to consider, but they are jury issues nonetheless.

## CONCLUSION

Upon review of the Motion for Partial Summary Judgment by Oak Ridge (ECF No. 103) and Motion for Summary Judgment by MOX (ECF No. 104) and the responses and reply filed in opposition and support, the Court finds that there remain issues of material fact to be resolved at trial which preclude the granting of summary judgment in this case.  Accordingly, the parties' respective motions are hereby DENIED.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

Columbia, South Carolina
April 30, 2015

-5-